Marcie E. Schaap #4660
Attorney at Law, P.C.
4760 S. Highland Drive  #333
Salt Lake City, Utah 84117
Telephone:    (801) 201-1642
Facsimile:    (801) 272-6350
E-mail:        marcie@marcieeschaap.com

Attorney for Plaintiff

---

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

---

| | | |
|---|---|---|
| IHC HEALTH SERVICES, INC., dba LDS HOSPITAL, | ) ) ) | **COMPLAINT** |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 2:17-cv-01029-BSJ |
| HUB GROUP, INC., and BLUE CROSS BLUE SHIELD OF ILLINOIS, | ) ) ) | Judge Bruce C. Jenkins |
| Defendants. | ) ) ) | |

Plaintiff, through its undersigned counsel, complains and alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1.      Plaintiff, IHC HEALTH SERVICES, INC. ("IHC"), operates several hospitals in the

Intermountain Area, including LDS HOSPITAL ("LDS" or the "Hospital"), in Salt Lake

City, Utah.

2.      IHC and the Hospital may be referred to collectively herein as "Plaintiff."

3.      HUB GROUP, INC. ("Hub") is a foreign corporation.

4.      Hub provided an employee benefit plan (the "Plan") for its employees and their
beneficiaries.

5.      BLUE CROSS BLUE SHIELD OF ILLINOIS ("BXBS") is a foreign corporation.

6.      Hub and BXBS shall be jointly referred to herein as the "Defendants."

7.      Hub contracted with BXBS to insure the Plan.

8.      BXBS was, at all relevant times herein, an agent of Hub.

9.      BXBS was, at all relevant times herein, the health insurer for D.A.

10.     D.A. was, at all times relevant hereto, a resident of the State of Utah.

11.     D.A. signed a written assignment of benefits ("AOB" herein) in favor of Plaintiff for all
relevant claims herein.

12.     The AOB designated Plaintiff as her authorized member representative for appeals and
other actions relevant to the claims herein.

13.     Plaintiff provided medical services to D.A. from September 11, 2014, through September
14, 2014 ("Dates of Service" herein).

14.     This is an action brought by the Plaintiff to collect amounts owed for unpaid medical bills
resulting from health care services provided to the Patient for which the Defendants agreed
to pay but refused to pay once claims were submitted.

15.     This is an action brought under ERISA. This Court has jurisdiction of this case under 29
U.S.C. §1132(e)(1). Venue is appropriate under 29 U.S.C. §1132(e)(2) and 28 U.S.C.
§1391(c) because the communications during the administrative appeal process took place
between the Plaintiff and the Defendants in the State of Utah, and the breaches of ERISA

and the Plan occurred in the State of Utah. Moreover, based on ERISA's nationwide service of process provision and 28 U.S.C. §1391, jurisdiction and venue are appropriate in the District of Utah.

16.    The remedies Plaintiff seeks under the terms of ERISA are for the benefits due under 29 U.S.C. §1132(a)(1)(B), for interest and attorneys' fees under 29 U.S.C. §1132(g), for statutory penalties under 29 U.S.C. §1132(c)(1), and for other appropriate equitable relief under 29 U.S.C. §1132(a)(3).

## FACTUAL BACKGROUND

### A.  Medical Treatment

17.    Plaintiff realleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

18.    The billed charges for D.A.'s claim totaled $16,621.96.

19.    The Defendants have paid only $3,977.99 (approximately 24% of the billed charges) for this claim.

20.    A balance of $12,643.97 is still due to the Plaintiff by the Defendants for the services Plaintiff rendered to D.A.

### B.  Claims and Claim Processing

21.    The Hospital submitted its claims in a timely manner to the Defendants and/or their agents for D.A.'s treatment.

22.    The Defendants and/or their agents denied the majority of the claims by contending that the treatment was performed out of network and exceeded usual, customary, and reasonable charges.

23.   D.A.'s treatment was due to an emergent health issue that prevented her from seeking treatment at an in-network provider or seeking authorization.

24.   At the time of treatment, D.A. was a 43-year-old woman with a history of hypertension and a hysterectomy.

25.   On the night of September 10, 2014, D.A. presented to the Emergency Department of the Hospital complaining of abdominal pain with fever, chills, nausea, vomiting, and diarrhea for the previous six days.

26.   Earlier on September 10, 2014, D.A. presented to an instacare facility which referred her to the Emergency Department after noting her abdomen to be quiet and tympanitic.

27.   Evaluation in the Emergency Department was consistent with small bowel obstruction and dehydration. Clinical assessment noted heart rate 119, abdominal distention and tenderness, and tympanitic abdomen without audible bowel sounds. Laboratory studies noted glucose 114 mg/dL, blood urea nitrogen (BUN) 24 mg/dL, creatinine 1.83 mg/dL, glomerular filtration rate (GFR) 33, and potassium 2.8 mmol/L. A CT abdominal scan identified high-grade bowel obstruction.

28.   D.A. was administered intravenous (IV) fluid bolus, IV pain medication, and IV antiemetic medication.

29.   D.A. was transferred on September 11, 2014 to an inpatient unit for continued care and monitoring.

30.   D.A. was placed on bowel rest, and a nasal gastric (NG) tube was placed for stomach decompression. She received supplemental IV fluid, antiemetic medication, and pain medication.

31.     On September 12, 2014, D.A. had mild improvement in distention but had no identified bowel function.

32.     On September 13, 2014, D.A. had decrease in distention and she had a bowel movement. Her NG tube had high output. In the evening, D.A. successfully tolerated an NG clamping trial, and the NG tube was removed.

33.     On September 14, 2014, D.A.'s diet was slowly advanced to a regular low fiber diet. Her creatinine normalized. Her pain resolved. She was discharged with instructions for home care and follow-up treatment.

34.     The care D.A. received was medically necessary to treat small bowel obstruction. Failure to intervene would have likely led to grave consequences including dehydration, bowel perforation, shock, and death. All care was provided in accordance with current medical guidelines, under the direction of the treating and consulting physicians, and based on ongoing assessment and pertinent clinical findings.

35.     The Plaintiff submitted timely appeals to the Defendants and/or their agents.

36.     The Plaintiff attempted to contact the Defendants and/or their agents on many occasions to appeal the denial of this claim, but the Plaintiff's attempts were futile.

37.     The Plaintiff has also attempted to communicate with the Defendants on many occasions by phone as set forth in the electronic and written records kept by the Plaintiff of the communications it has had with the Defendants and/or their agents during the claim and appeal processes.

38.     A copy of the Plaintiff's communication records was sent to the Defendants prior to this litigation being filed.

39.   The Defendants have not paid the outstanding balance due to the Plaintiff for the treatment the Hospital rendered to D.A.

40.   A balance of $12,643.97, plus interest, remains due to the Plaintiff from the Defendants for the treatment the Hospital rendered to D.A.

### FIRST CAUSE OF ACTION
(Recovery of Plan Benefits Under 29 U.S.C. §1132(a)(1)(B))

41.   Plaintiff realleges and incorporates by reference all paragraphs of this Complaint as though fully stated herein.

42.   The Plaintiff has submitted all proof necessary to the Defendants to support its claims for payment.

43.   The Defendants have failed to provide evidence to the Plaintiff to support their basis for denial.

44.   The Defendants have not fully reviewed or investigated all information sent to it by the Plaintiff and/or the Hospital, or available to it, which has caused the Defendants to deny a large portion of this claim.

45.   The Defendants have failed to bear their burden of proof that an exclusion or requirement in the Plan Document supports their denial of a large portion of the claim for A.C.'s treatment.

46.   The Defendants failed to offer the Plaintiff a "full and fair review" as required by ERISA.

47.   The Defendants failed to offer the Plaintiff "higher than marketplace quality standards," as required by ERISA. MetLife v. Glenn, 554 U.S. 105, 128 S.Ct. 2343, 171 L.Ed.2d 299 (2008).

48.     The Defendants failed to pay for these emergency services at an in-patient level as required by 45 C.F.R. §147.138(b).

49.     The actions of the Defendants and/or their agents, as outlined above, are a violation of ERISA, a breach of fiduciary duty, and a breach of the terms and provisions of the Plan.

50.     The actions of the Defendants and/or their agents have caused damage to the Plaintiff in the form of a denial of ERISA medical benefits.

51.     The Defendants are responsible to pay the balance of the claim for D.A.'s medical expenses, and to pay Plaintiff's attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), plus pre- and post-judgment interest to the date of payment of the unpaid benefits.

## SECOND CAUSE OF ACTION
(Breach of Fiduciary Duties Under 29 U.S.C. §§1104, 1109, and 1132(a)(2) and (3))

52.     Plaintiff realleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

53.     Defendants have breached their fiduciary duties under ERISA in the following ways:

    A.     Defendants have failed to discharge their duties with respect to the Plan:

        1.     Solely in the interest of the participants and beneficiaries of the Plan and

        2.     For the exclusive purpose of:

            a.     Providing benefits to participants and their beneficiaries; and

            b.     Defraying reasonable expenses of administering the Plan.

        3.     With the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with

such matters would use in the conduct of an enterprise of a like character and with like aims;

4.    By failing to fully investigate the Plaintiff's claims.

5.    By failing to fully respond to the Plaintiff's appeals and requests for information in a timely manner.

6.    And in other ways to be determined as additional facts are discovered.

54.    The actions of the Defendants in breaching its fiduciary duties under ERISA have caused damage to the Plaintiff in the form of denied medical benefits.

55.    In addition, as a consequence of the breach of fiduciary duties of the Defendants, the Plaintiff has been required to obtain legal counsel and file this action.

56.    Pursuant to ERISA and to the U.S. Supreme Court's ruling in CIGNA Corp. v. Amara, 131 S. Ct. 1866, 179 L.Ed. 2d 843 (2011), the Plaintiff's "make-whole relief" constitutes "appropriate equitable relief" under Section 1132(a)(3).

57.    Therefore, the Plaintiff is entitled to payment of the medical expenses it incurred in treating D.A., as well as an award of interest, attorney's fees and costs incurred in bringing this action pursuant to the provisions of 29 U.S.C. §1132(g).

### THIRD CAUSE OF ACTION
(Failure to Produce Plan Documents - 29 U.S.C. §§1024(b)(4) and 1132(c)(1))

58.    Plaintiff realleges and incorporates by reference all previous paragraphs as though fully set forth herein.

59.    The Plaintiff has requested the Summary Plan Description ("SPD") and Plan Document in writing from the Defendants and/or their agents on the following dates:

A.    2/12/15

B.    6/9/15

C.    3/1/16; and

D.    8/21/17.

60.    The Plaintiff did not receive a copy of the SPD and Plan Document from the Defendant until approximately 9/9/17.

61.    The actions of the Defendants in failing to provide, within thirty (30) days after written requests were made, a copy of relevant Plan documents, as requested on numerous occasions by the Plaintiff, is a violation of the provisions of 29 U.S.C. §1024(b)(4).

62.    The violations of 29 U.S.C. §1024(b)(4) have damaged the Plaintiff by impeding its ability to determine the extent and scope of coverage under the Plan, hindering verification of the degree to which exclusions or limitations on coverage exist, impairing the Plaintiff's ability to pursue administrative appeal of the Plan's denial of payment, and hindering the Plaintiff's ability to determine whether the Defendants' denial was meritorious.

63.    In addition, as a consequence of the failure of the Defendants to provide the requested information in a timely manner, the Plaintiff has been required to obtain legal counsel and file this action.

64.    Pursuant to 29 U.S.C. § 1132(c)(1) and 29 C.F.R. § 2575.502c-3, the Plaintiff is entitled to payment of statutory damages of a maximum of $110.00 per day from thirty days after the date the information was requested to the date of the production of the requested documents, as well as an award of attorney's fees and costs incurred in bringing this action

pursuant to the provisions of 29 U.S.C. § 1132(g).  Each new request begins a new and separate calculation.

65.     The maximum statutory damages which have accrued to date for the written requests which Plaintiff has made for the SPD and Plan Document is $205,590.00.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.     For judgment on Plaintiff's First Cause of Action in favor of the Plaintiff and against the Defendants pursuant to 29 U.S.C. §1132(a)(1)(B), for unpaid medical benefits in the amount of $12,643.97 for attorneys' fees and costs incurred pursuant to 29 U.S.C. §1132(g), and for an award of pre- and post-judgment interest to the date of the payment of the interest claimed.

2.     For judgment on Plaintiff's Second Cause of Action in favor of the Plaintiff and against the Defendants pursuant to 29 U.S.C. 29 U.S.C. §§1104, 1109, and 1132(a)(2) and (3)), for breach of fiduciary duty and equitable damages in the form of unpaid medical benefits in the amount of $12,643.97, for attorneys' fees and costs incurred pursuant to 29 U.S.C. §1132(g), and for an award of pre- and post-judgment interest to the date of the payment of the interest claimed.

3.     Upon Plaintiffs' Third Cause of Action, in the amount of $110.00 per day from 30 days following the date of each written request for plan documents, to the date of production of the requested documents against Hub, attorney's fees and costs incurred pursuant to 29 U.S.C. §1132(g), and post-judgment interest incurred to date of payment of the judgment.

For such other equitable relief under 29 U.S.C. §1132(a)(3) as the Court deems appropriate.

DATED this 13th day of September, 2017.

10

MARCIE E. SCHAAP, ATTORNEY AT LAW

By:＿＿/s/ Marcie E. Schaap＿＿＿＿＿＿＿＿＿＿＿
         Attorney for Plaintiff